CLOSED

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
## CRIMINAL DOCKET FOR CASE #: 2:22-mj-01255-DUTY-1

Case title: USA v. Hernandez                          Date Filed: 03/29/2022

Other court case number:  22 CR 67 CVE Northern District of          Date Terminated: 03/30/2022
Oklahoma

Assigned to: Duty Magistrate Judge

**22-cr-00067-CVE-8**

### Defendant (1)

**Kevin Hernandez**
*TERMINATED: 03/30/2022*

represented by **Charles James Snyder**
Federal Public Defender's Office
321 East 2nd Street
Los Angeles, CA 90012
213-894-4407
Fax: 213-894-0081
Email: Charles_Snyder@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Pending Counts**                          **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                          **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                          **Disposition**

None

### Plaintiff

**USA**

represented by **US Attorney's Office**
AUSA - Office of US Attorney
Criminal Division - US Courthouse
312 North Spring Street 12th Floor
Los Angeles, CA 90012-4700
213-894-2434
Email: USACAC.Criminal@usdoj.gov
*TERMINATED: 03/31/2022*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Kellye Ng-McCullough**
AUSA - Office of US Attorney
Criminal Division - US Courthouse
312 North Spring Street 12th Floor
Los Angeles, CA 90012
213-894-8408
Fax: 213-894-0141
Email: kellye.ng-mccullough@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/29/2022 | 1 | AFFIDAVIT RE: OUT-OF-DISTRICT WARRANT (Rule 5(c)(3)) filed as to defendant Kevin Hernandez, originating in the Northern District of Oklahoma. Defendant charged in violation of: 21:846. Signed by agent William Mackenzie, DEA, TFO. filed by Plaintiff USA. (cio) (Entered: 03/30/2022) |
| 03/29/2022 | 2 | REPORT COMMENCING CRIMINAL ACTION as to Defendant Kevin Hernandez; defendants Year of Birth: 1994; date of arrest: 3/28/2022 (cio) (Entered: 03/30/2022) |
| 03/29/2022 | 3 | SEALED Defendant Kevin Hernandez arrested on warrant issued by the USDC Northern District of Oklahoma at Tulsa. (Attachments: # 1 Out-of-District Indictment)(cio) (Entered: 03/30/2022) |
| 03/29/2022 | 4 | NOTICE OF REQUEST FOR DETENTION filed by Plaintiff USA as to Defendant Kevin Hernandez (cio) (Entered: 03/30/2022) |
| 03/29/2022 | 5 | MINUTES OF denying 4 REQUEST for Detention as to Kevin Hernandez (1); ARREST ON OUT OF DISTRICT WARRANT held before Magistrate Judge Rozella A. Oliver as to Defendant Kevin Hernandez. Court issues Order under Fed. R. Crim. P. 5(f) concerning prosecutor's disclosure obligations;see General Order 21-02 (written order). Contested detention hearing held. Defendant arraigned. Attorney: Charles James Snyder for Kevin Hernandez, Deputy Federal Public Defender, present. Court orders bail set as: Kevin Hernandez (1) $ 20,000 Appearance Bond, (SEE BOND ATTACHED). Defendant remanded to the custody or currently in the custody of the US Marshal. Court orders defendant held to answer to Northern District of Oklahoma. Bond to Transfer. Defendant ordered to report on TBD. Government moves to UNSEAL: Granted. BOND IS STAYED FOR 48 HOURS. Court Smart: CS 03/29/2022. (cio) (Entered: 03/30/2022) |
| 03/29/2022 | 6 | ADVISEMENT OF STATUTORY & CONSTITUTIONAL RIGHTS filed by Defendant Kevin Hernandez. (cio) (Entered: 03/30/2022) |
| 03/29/2022 | 7 | WAIVER OF RIGHTS approved by Magistrate Judge Rozella A. Oliver as to Defendant Kevin Hernandez. (cio) (Entered: 03/30/2022) |

| 03/29/2022 | 8 | FINANCIAL AFFIDAVIT filed as to Defendant Kevin Hernandez. (Not for Public View pursuant to the E-Government Act of 2002) (cio) (Entered: 03/30/2022) |
| 03/29/2022 | 9 | DECLARATION RE: PASSPORT filed by Defendant Kevin Hernandez, declaring that I am unable to locate my passport(s) or other travel document(s). If I locate any passport or other travel document issued to me, I will immediately surrender it to the U.S. Pretrial Services Agency. I will not apply for a passport or other travel document during the pendency of this case. (cio) (Entered: 03/30/2022) |
| 03/29/2022 | 10 | CONSENT to Video Conference/Telephonic Conference filed by Defendant Kevin Hernandez. (cio) (Entered: 03/30/2022) |
| 03/30/2022 | | Notice to Northern District of Oklahoma of a Rule 5 or Rule 32 Initial Appearance as to Defendant Kevin Hernandez. Your case number is: 22 CR 67 CVE. The clerk will transmit any restricted documents via email. Using your PACER account, you may retrieve the docket sheet and any text-only entries via the case number link. The following document link(s) is also provided: 5 Order on Request for Detention,,,, Initial Appearance - Arrest on Out of District Warrant - Rule 5(c)(3) (fka Rule 40),,,,. If you require certified copies of any documents, please send a request to email address CrimIntakeCourtDocs-LA@cacd.uscourts.gov (cio) (Entered: 03/30/2022) |
| 03/31/2022 | 11 | NOTICE OF APPEARANCE OR REASSIGNMENT of AUSA Kellye Ng-McCullough on behalf of Plaintiff USA. Filed by Plaintiff USA. (Attorney Kellye Ng-McCullough added to party USA(pty:pla))(Ng-McCullough, Kellye) (Entered: 03/31/2022) |
| 03/31/2022 | 12 | NOTICE of Stay of Release Order Pending Appeal in Northern District of Oklahoma filed by Plaintiff USA as to Defendant Kevin Hernandez , Re: Order on Request for Detention,,,, Initial Appearance - Arrest on Out of District Warrant - Rule 5(c)(3) (fka Rule 40),,, 5 (Ng-McCullough, Kellye) (Entered: 03/31/2022) |
| 04/01/2022 | 13 | NOTICE OF MOTION AND MOTION for Bond Filed by Defendant Kevin Hernandez. (Snyder, Charles) (Entered: 04/01/2022) |
| 04/01/2022 | 14 | COMPACT DISC Order for date of proceedings 03/29/2022 to 03/29/2022 as to Defendant Kevin Hernandez Court will contact claudia velasquez at claudia.velasquez@usdoj.gov with any questions regarding this order. Transcript portion requested: Bail Hearing on 03/29/2022. Federal Government Agency - No fee required: United States Attorneys Office.(Ng-McCullough, Kellye) (Entered: 04/01/2022) |
| 04/01/2022 | 15 | SUPPLEMENT to NOTICE OF MOTION AND MOTION for Bond 13 filed by Defendant Kevin Hernandez. (Snyder, Charles) (Entered: 04/01/2022) |
| 04/01/2022 | 16 | REDACTED AFFIDAVIT OF SURETIES (No Justification - Pursuant to Local Criminal Rule 46-5.2.8) in the amount of $20,000 by surety: Leticia Oronoz for Filed by Defendant Kevin Hernandez (cio) (Entered: 04/01/2022) |
| 04/01/2022 | 17 | SEALED UNREDACTED AFFIDAVIT OF SURETY (NO JUSTIFICATION) filed by Defendant Kevin Hernandez re: Affidavit of Surety (No Justification)(CR-4) 16 (cio) (Entered: 04/01/2022) |
| 04/01/2022 | | Notice to Northern District of Oklahoma of a Rule 5 or Rule 32 Initial Appearance as to Defendant Kevin Hernandez. Your case number is: 22 CR 67 CVE. The clerk will transmit any restricted documents via email. Using your PACER account, you may retrieve the docket sheet and any text-only entries via the case number link. The following document link(s) is also provided: 14 Audio Recording Form (AO-436), 17 Unredacted Document, 15 Supplement to Motion (CR), 12 Notice (Other), 11 Notice of Attorney Appearance or Reassignment for the USA, 16 Affidavit of Surety (No Justification)(CR-4), 13 Motion for |

| | | Bond. If you require certified copies of any documents, please send a request to email address CrimIntakeCourtDocs-LA@cacd.uscourts.gov (cio) (Entered: 04/01/2022) |

FILED

Reset Form

2022 MAR 29 AM 10: 40

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

PLAINTIFF(S)

CASE NUMBER

22MJ01255

22-CR-67-CVE

v.

Kevin HERNANDEZ

DEFENDANT(S).

## DECLARATION RE
## OUT-OF-DISTRICT WARRANT

The above-named defendant was charged by: Indictment
in the Northern District of Oklahoma on 03/11/2022
at 12:00 ☒ a.m. / ☐ p.m. The offense was allegedly committed on or about 02/10/2022
in violation of Title 21 U.S.C., Section(s) 846
to wit: Drug Conspiracy

A warrant for defendant's arrest was issued by: United States Magistrate Judge Jodi F. Jayne

Bond of $ _____ was ☐ set / ☐ recommended.

Type of Bond:

Relevant document(s) on hand (attach):

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    03/28/2022
                    Date

William Mackenzie
Signature of Agent

William Mackenzie
Print Name of Agent

DEA
Agency

TFO
Title

Submit this form by e-mail to:

Submit this form by e-mail to:

CrimIntakeCourtDocs-LA@cacd.uscourts.gov  For Los Angeles criminal duty.
CrimIntakeCourtDocs-SA@cacd.uscourts.gov  For Santa Ana criminal duty.
CrimIntakeCourtDocs-RS@cacd.uscourts.gov  For Riverside criminal duty.



FILED

22 MJ 01255

2022 MAR 29  AM 10: 40

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | | CASE NUMBER: | |
|---|---|---|---|
| UNITED STATES OF AMERICA | | | 22-CR-67-CVE |
| V. | PLAINTIFF | | |
| | | **REPORT COMMENCING CRIMINAL ACTION** | |
| Kevin Hernandez | | | |
| USMS# _____ | DEFENDANT | | |

TO: CLERK'S OFFICE, U.S. DISTRICT COURT

All areas must be completed. Any area not applicable or unknown should indicate "N/A".

1. The defendant was arrested in this district on _03/28/2022_ at _1200_ ☒ AM ☐ PM
   or
   The defendant was arrested in the _____ District of _____ on _____ at _____ ☐ AM ☐ PM

2. The above named defendant is currently hospitalized and cannot be transported to court for arraignment or any other preliminary proceeding: ☐ Yes ☒ No

3. Defendant is in U.S. Marshals Service lock-up (in this court building): ☒ Yes ☐ No

4. Charges under which defendant has been booked:
   Drug Conspiracy

5. Offense charged is a: ☒ Felony ☐ Minor Offense ☐ Petty Offense ☐ Other Misdemeanor

6. Interpreter Required: ☒ No ☐ Yes  Language: _____

7. Year of Birth: _1994_

8. Defendant has retained counsel: ☒ No
   ☐ Yes  Name: _____  Phone Number: _____

9. Name of Pretrial Services Officer notified: _____

10. Remarks (if any): _____

11. Name: _William Mackenzie_ (please print)

12. Office Phone Number: _9188108637_  13. Agency: _DEA_

14. Signature: _William Mackenzie_  15. Date: _03282022_

CR-64 (09/20)          **REPORT COMMENCING CRIMINAL ACTION**

TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KELLYE NG-McCULLOUGH (Cal. Bar No. 313051)
Assistant United States Attorney
General Crimes
 1200 United States Courthouse
 312 North Spring Street
 Los Angeles, California 90012
 Telephone: (213) 894-8408
 Facsimile: (213) 894-0141
 E-mail: kellye.ng-mccullough@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT

MAR 29 2022

CENTRAL DISTRICT OF CALIFORNIA
BY     DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-MJ-1255-DUTY |
|     Plaintiff, | GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |
|       v. | |
| KEVIN HERNANDEZ, | |
|     Defendant. | |

  Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

☐ 1. Temporary 10-day Detention Requested (§ 3142(d)) on the
    following grounds:

☐ a. present offense committed while defendant was on release
    pending (felony trial),

☐ b. defendant is an alien not lawfully admitted for
    permanent residence; and

☐ c. defendant may flee; or

1    ☐   d.    pose a danger to another or the community.

2    ☒   2.    Pretrial Detention Requested (§ 3142(e)) because no

3          condition or combination of conditions will reasonably

4          assure:

5    ☒   a.    the appearance of the defendant as required;

6    ☒   b.    safety of any other person and the community.

7    ☐   3.    Detention Requested Pending Supervised Release/Probation

8          Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C.

9          § 3143(a)):

10   ☐   a.    defendant cannot establish by clear and convincing

11         evidence that he/she will not pose a danger to any

12         other person or to the community;

13   ☐   b.    defendant cannot establish by clear and convincing

14         evidence that he/she will not flee.

15   ☒   4.    Presumptions Applicable to Pretrial Detention (18 U.S.C.

16         § 3142(e)):

17   ☒   a.    Title 21 or Maritime Drug Law Enforcement Act ("MDLEA")

18         (46 U.S.C. App. 1901 et seq.) offense with 10-year or

19         greater maximum penalty (presumption of danger to

20         community and flight risk);

21   ☐   b.    offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or

22         2332b(g)(5)(B) with 10-year or greater maximum penalty

23         (presumption of danger to community and flight risk);

24   ☐   c.    offense involving a minor victim under 18 U.S.C.

25         §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251,

26         2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4),

27

28

2

1  2260, 2421, 2422, 2423 or 2425 (presumption of danger

2  to community and flight risk);

3  ☐  d.  defendant currently charged with an offense described

4  in paragraph 5a - 5e below, AND defendant was

5  previously convicted of an offense described in

6  paragraph 5a - 5e below (whether Federal or

7  State/local), AND that previous offense was committed

8  while defendant was on release pending trial, AND the

9  current offense was committed within five years of

10  conviction or release from prison on the above-

11  described previous conviction (presumption of danger to

12  community).

13  ☒  5.  Government Is Entitled to Detention Hearing Under § 3142(f)

14  If the Case Involves:

15  ☐  a.  a crime of violence (as defined in 18 U.S.C.

16  § 3156(a)(4)), a violation of 18 U.S.C. § 1591, or

17  Federal crime of terrorism (as defined in 18 U.S.C.

18  § 2332b(g)(5)(B) for which maximum sentence is 10

19  years' imprisonment or more;

20  ☐  b.  an offense for which maximum sentence is life

21  imprisonment or death;

22  ☒  c.  Title 21 or MDLEA offense for which maximum sentence is

23  10 years' imprisonment or more;

24  ☐  d.  any felony if defendant has two or more convictions for

25  a crime set forth in a-c above or for an offense under

26  state or local law that would qualify under a, b, or c

27

28

3

```
 1            if federal jurisdiction were present, or a combination
 2            or such offenses;
 3    ☐  e.   any felony not otherwise a crime of violence that
 4            involves a minor victim or the possession or use of a
 5            firearm or destructive device (as defined in 18 U.S.C.
 6            § 921), or any other dangerous weapon, or involves a
 7            failure to register under 18 U.S.C. § 2250;
 8    ☒  f.   serious risk defendant will flee;
 9    ☐  g.   serious risk defendant will (obstruct or attempt to
10            obstruct justice) or (threaten, injure, or intimidate
11            prospective witness or juror, or attempt to do so).
12 ☐ 6.  Government requests continuance of _____ days for detention
13        hearing under § 3142(f) and based upon the following
14        reason(s):
15
16        _____
17        _____
18        _____
19 //     _____
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //
```

4

☐ 7. Good cause for continuance in excess of three days exists in that:

_____

_____

_____

_____

Dated: March 29, 2022            Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

_____/S/_____
KELLYE NG-McCULLOUGH
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | <u>Western</u> Division |
| Plaintiff, | ~~UNDER SEAL~~ |
| vs. | Case Number: <u>2:22-MJ-01255</u> |
| | Initial App. Date: <u>03/29/2022</u> <u>Out of District Affidavit</u> |
| <u>Kevin Hernandez</u> | Initial App. Time: <u>1:00 PM</u> <u>Custody</u> |
| Defendant. | Date Filed: <u>03/29/2022</u> |
| | Violation: <u>21:846; 21:841; 21:856</u> |
| | CourtSmart/ Reporter: CS 03/29/2022 |

| PROCEEDINGS HELD BEFORE UNITED STATES MAGISTRATE JUDGE: <u>Rozella A. Oliver</u> | CALENDAR/PROCEEDINGS SHEET LOCAL/OUT-OF-DISTRICT CASE |
|---|---|

PRESENT:    Luengo, Donnamarie     *Kellye Ng- McCollough*     None

    *Deputy Clerk*      *Assistant U.S. Attorney*      *Interpreter/Language*

☐ INITIAL APPEARANCE NOT HELD - CONTINUED

☒ Court issues Order under Fed. R. Crim. P. 5(f) concerning prosecutor's disclosure obligations; see General Order 21-02 (written order).

☒ Defendant informed of charge and right to: remain silent; appointment of counsel, if indigent; right to bail; bail review and
    ☐ preliminary hearing OR ☒ removal hearing / Rule 20.

☐ Defendant states true name ☐ is as charged ☐ is _____

☐ Court ORDERS the caption of the Indictment/Information be changed to reflect defendant's different true name. Counsel are directed to file all future documents reflecting the true name as stated on the record.

☒ Defendant advised of consequences of false statement in financial affidavit. ☐ Financial Affidavit ordered **SEALED**.

☒ Attorney: <u>Charles Snyder, DFPD</u> ☒ Appointed ☐ Prev. Appointed ☐ Poss. Contribution (see separate order)

☐ Special appearance by: _____.

☒ Government's request for detention is: ☐ GRANTED ☒ DENIED ☐ WITHDRAWN ☐ CONTINUED

☒ Contested detention hearing is held. ☐ Defendant is ordered: ☐ Permanently Detained ☐ Temporarily Detained (see separate order).

☒ BAIL FIXED AT $ _20,000.00_ **(SEE ATTACHED COPY OF CR-1 BOND FORM FOR CONDITIONS)**

☒ Government moves to UNSEAL Complaint/Indictment/Information/Entire Case: ☒ GRANTED ☐ DENIED

☐ Preliminary Hearing waived. ☐ Class B Misdemeanor ☐ Defendant is advised of maximum penalties

☐ This case is assigned to Magistrate Judge _____. Counsel are directed to contact the clerk for the setting of all further proceedings.

☐ **PO/PSA WARRANT** ☐ Counsel are directed to contact the clerk for
    District Judge _____ for the setting of further proceedings.

☐ Preliminary Hearing set for _____ at 4:30 PM _____

☐ PIA set for: _____ at 11:00 AM in LA; at 10:00 AM in Riverside; at 10:00 AM in Santa Ana

☐ Government's motion to dismiss case/defendant _____ only: ☐ GRANTED ☐ DENIED

☐ Defendant's motion to dismiss for lack of probable cause: ☐ GRANTED ☐ DENIED

☒ Defendant executed Waiver of Rights. ☒ Process received.

☒ Court ORDERS defendant Held to Answer to **No.** District of **OKLAHOMA**
    ☒ Bond to transfer, if bail is posted. Defendant to report on or before **TBD**
    ☐ Warrant of removal and final commitment to issue. Date issued: _____ By CRD: _____
    ☐ Warrant of removal and final commitment are ordered stayed until _____

☐ Case continued to (Date) _____ (Time) _____ AM / PM
    Type of Hearing: _____ Before Judge _____ /Duty Magistrate Judge.
    Proceedings will be held in the ☐ Duty Courtroom _____ ☐ Judge's Courtroom

☒ Defendant committed to the custody of the U.S. Marshal ☐ Summons: Defendant ordered to report to USM for processing.

☐ Abstract of Court Proceeding (CR-53) issued. Copy forwarded to USM.

☐ Abstract of Order to Return Defendant to Court on Next Court Day (M-20) issued. Original forwarded to USM.

☐ RELEASE ORDER NO: _____

☒ Other: BOND IS STAYED FOR 48 HOURS. _____

    ☐ PSA ☐ USPO ☐ FINANCIAL     ☐ CR-10 ☐ CR-29     ☐ READY

            Deputy Clerk Initials _____ : __18__

| | | |
|---|---|---|
| M-5 (10/13) | CALENDAR/PROCEEDING SHEET - LOCAL/OUT-OF-DISTRICT CASE | Page 1 of 1 |

# BOND IS STAYED FOR 48 HOURS

## UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

**Case Name:** United States of America v. **Kevin Hernandez**    Case No. 2:22-MJ-01255

■ Defendant    ☐ Material Witness

Violation of Title and Section: **21:846; 21:841: 21:856**

☐ Summons    ■ Out of District    ☐ **UNDER SEAL**    ☐ Modified Date: _____

*Check only one of the five numbered boxes below (unless one bond is to be replaced by another):*

| | |
|---|---|
| 1. ☐ Personal Recognizance (*Signature Only*) | (c). ☐ Affidavit of Surety With Justification (*Form CR-3*) Signed by: |
| 2. ☐ Unsecured Appearance Bond<br>    $ _____ | |
| 3. ☒ Appearance Bond<br>    $ 20,000. | |
| (a). ☐ Cash Deposit (*Amount or %*) (*Form CR-7*) | ☐ With Full Deeding of Property: |
| (b). ☒ Affidavit of Surety Without<br>    Justification (*Form CR-4*) Signed by:<br>    Leticia Oronoz - Mother | |
| | 4. ☐ Collateral Bond in the Amount of (*Cash or Negotiable Securities*):<br>    $ _____ |
| | 5. ☐ Corporate Surety Bond in the Amount of:<br>    $ _____ |

Release No. _____

☐ **Release to Pretrial ONLY**
☐ **Release to Probation ONLY**
☐ Forthwith Release

☐ All Conditions of Bond (*Except Clearing-Warrants Condition*) Must be Met and Posted by: _____

☐ Third-Party Custody Affidavit (*Form CR-31*)

■ Bail Fixed by Court:
RAO / DL
(*Judge / Clerk's Initials*)

## PRECONDITIONS TO RELEASE

☐ The government has requested a <u>Nebbia</u> hearing under 18 U.S.C. § 3142(g)(4).

☐ The Court has ordered a <u>Nebbia</u> hearing under § 3142 (g)(4).

☐ The <u>Nebbia</u> hearing is set for _____ at _____ ☐ a.m. ☐ p.m.

## ADDITIONAL CONDITIONS OF RELEASE

In addition to the GENERAL CONDITIONS of RELEASE, the following conditions of release are imposed upon you:

■ Submit to: ■ Pretrial Services Agency (PSA) supervision as directed by PSA; ☐ Probation (USPO) supervision as directed by USPO.
   (*The agency indicated above, PSA or USPO, will be referred to below as "Supervising Agency."*)

■ Surrender all passports and travel documents to Supervising Agency no later than 48 hours _____, sign a Declaration re Passport and Other Travel Documents (*Form CR-37*), and do not apply for a passport or other travel document during the pendency of this case.

■ Travel is restricted to CACD and No. Distr. OK _____ unless prior permission is granted by Supervising Agency to travel to a specific other location. Court permission is required for international travel.

■ Reside as approved by Supervising Agency and do not relocate without prior permission from Supervising Agency.

■ Maintain or actively seek employment and provide proof to Supervising Agency. ■ Employment to be approved by Supervising Agency.

☐ Maintain or begin an educational program and provide proof to Supervising Agency.

Defendant's Initials: KH    Date: 3/29/22

**Case Name:** United States of America v. Kevin Hernandez     **Case No.** 2:22-MJ-01255

■ Defendant    ☐ Material Witness

☐ Avoid all contact, directly or indirectly (including by any electronic means), with any person who is a known victim or witness in the subject investigation or prosecution, ☐ including but not limited to _____

_____ ; ☐ except _____ .

■ Avoid all contact, directly or indirectly (including by any electronic means), with any known codefendants except in the presence of counsel. Notwithstanding this provision, you may contact the following codefendants without your counsel present:

_____ .

☐ Do not possess any firearms, ammunition, destructive devices, or other dangerous weapons. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not use or possess any identification, mail matter, access device, or any identification-related material other than in your own legal or true name without prior permission from Supervising Agency. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not engage in telemarketing.

☐ Do not sell, transfer, or give away any asset valued at $ _____ or more without notifying and obtaining permission from the Court, except _____ .

☐ Do not engage in tax preparation for others.

☐ Do not use alcohol.

☐ Participate in the electronic remote alcohol monitoring program as directed by Supervising Agency and abide by all the rules and requirements of the program. You must pay all or part of the costs for treatment based upon your ability to pay as determined by Supervising Agency.

■ Do not use or possess illegal drugs or state-authorized marijuana. ■ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

■ Do not use for purposes of intoxication any controlled substance analogue as defined by federal law or street, synthetic, or designer psychoactive substance capable of impairing mental or physical functioning more than minimally, except as prescribed by a medical doctor.

■ Submit to: ■ drug and/or ☐ alcohol testing. If directed to do so, participate in outpatient treatment approved by Supervising Agency. You must pay all or part of the costs for testing and treatment based upon your ability to pay as determined by Supervising Agency.

☐ Participate in residential ☐ drug and/or ☐ alcohol treatment as directed by Supervising Agency. You must pay all or part of the costs of treatment based upon your ability to pay as determined by Supervising Agency. ☐ **Release to PSA only** ☐ **Release to USPO only**

☐ Submit to a mental health evaluation. If directed to do so, participate in mental health counseling and/or treatment approved by Supervising Agency. You must pay all or part of the costs based upon your ability to pay as determined by Supervising Agency.

☐ Participate in the Location Monitoring Program marked below and abide by all of the requirements of the program and any indicated restrictions, under the direction of the Supervising Agency. You must pay all or part of the costs of the program based upon your ability to pay as determined by the Supervising Agency. You are financially responsible for any lost or damaged equipment.

**Location Monitoring Technology**

☐ Location Monitoring technology at the discretion of the Supervising Agency

**or**

Defendant's Initials:   KH    Date:   3/29/22

**Case Name:** United States of America v. **Kevin Hernandez**   **Case No.** 2:22-MJ-01255

■ Defendant ☐ Material Witness

☐ Location Monitoring **with** a bracelet

    ☐ at the discretion of the Supervising Agency **or**

    ☐ Radio Frequency (RF) **or**

    ☐ Global Positioning System (GPS)

    ☐ Release to the Supervising Agency only **or**   ☐ Placement of bracelet within 24 hours of release

**or**

☐ Location Monitoring **without** a bracelet

    ☐ at the discretion of the Supervising Agency **or**

    ☐ Virtual/Biometric **or**

    ☐ Voice Recognition

**Restrictions**

☐ Location Monitoring only - no residential restrictions

☐ Curfew - You are restricted to your residence every day:
    ☐ from _____ to _____
    ☐ as directed by Supervising Agency

☐ Home Detention - You are restricted to your residence at all times except for employment, education, religious services, medical needs or treatment, attorney visits, court appearances and obligations, essential needs, and _____, all of which must be preapproved by the Supervising Agency

☐ Home Incarceration - You are restricted to your residence at all times except for medical needs or treatment, attorney visits, court appearances and obligations, and _____, all of which must be preapproved by the Supervising Agency

☐ You are placed in the third-party custody (*Form CR-31*) of _____ .

☐ Clear outstanding ☐ warrants or ☐ DMV and traffic violations and provide proof to Supervising Agency within ____ days of release from custody.

☐ Do not possess or have access to, in the home, the workplace, or any other location, any device that offers internet access except as approved by Supervising Agency. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not associate or have verbal, written, telephonic, electronic, or any other communication with any person who is less than the age of 18 except in the presence of a parent or legal guardian of the minor.

☐ Do not loiter or be found within 100 feet of any schoolyard, park, playground, arcade, or other place primarily used by children under the age of 18.

☐ Do not be employed by, affiliated with, own, control, or otherwise participate directly or indirectly in the operation of any daycare facility, school, or other organization dealing with the care, custody, or control of children under the age of 18.

Defendant's Initials: KH     Date: 3/29/22

**Case Name:** United States of America v. **Kevin Hernandez**      Case No. 2:22-MJ-01255

☒ Defendant     ☐ Material Witness

☐ Do not view or possess child pornography or child erotica. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property, including computer hardware and software, by Supervising Agency in conjunction with the U.S. Marshal.

☒ Other conditions:

Bond is stayed for 48 hours.

Counsel to sign bond on behalf of defendant.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

## GENERAL CONDITIONS OF RELEASE

I will appear in person in accordance with any and all directions and orders relating to my appearance in the above entitled matter as may be given or issued by the Court or any judicial officer thereof, in that Court or before any Magistrate Judge thereof, or in any other United States District Court to which I may be removed or to which the case may be transferred.

I will abide by any judgment entered in this matter by surrendering myself to serve any sentence imposed and will obey any order or direction in connection with such judgment as the Court may prescribe.

I will immediately inform my counsel of any change in my contact information, including my residence address and telephone number, so that I may be reached at all times.

I will not commit a federal, state, or local crime during the period of release.

I will not intimidate any witness, juror, or officer of the court or obstruct the criminal investigation in this case. Additionally, I will not tamper with, harass, or retaliate against any alleged witness, victim, or informant in this case. I understand that if I do so, I may be subject to further prosecution under the applicable statutes.

I will cooperate in the collection of a DNA sample under 42 U.S.C. § 14135a.

Defendant's Initials:   KH     Date: 3/29/22

**Case Name:** United States of America v. **Kevin Hernandez**     Case No. 2:22-MJ-01255

■ Defendant  ☐ Material Witness

## ACKNOWLEDGMENT OF DEFENDANT/MATERIAL WITNESS

As a condition of my release on this bond, pursuant to Title 18 of the United States Code, I have read or have had interpreted to me and understand the general conditions of release, the preconditions, and the additional conditions of release and agree to comply with all conditions of release imposed on me and to be bound by the provisions of Local Criminal Rule 46-6.

Furthermore, it is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which will continue in full force and effect until such time as duly exonerated.

I understand that violation of any of the general and/or additional conditions of release of this bond may result in a revocation of release, an order of detention, and a new prosecution for an additional offense which could result in a term of imprisonment and/or fine.

I further understand that if I fail to obey and perform any of the general and/or additional conditions of release of this bond, this bond may be forfeited to the United States of America. If said **forfeiture is not set aside, judgment may be summarily entered in this Court against me and each surety, jointly and severally, for the bond amount, together with interest and costs. Execution of the judgment may be issued or payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States, and any cash or real or personal property or the collateral previously posted in connection with this bond may be forfeited.**

| | | |
|---|---|---|
| March 29, 2022 | /s/ Charles J. Snyder (with authorization) | 805.310.9359 (father) |
| *Date* | *Signature of Defendant / Material Witness* | *Telephone Number* |

Santa Maria, California

*City and State (**DO NOT INCLUDE ZIP CODE**)*

☐ **Check if interpreter is used:** I have interpreted into the _____ language this entire form and have been told by the defendant that he or she understands all of it.

_____     _____
*Interpreter's Signature*          *Date*

Approved: _____     _____
          *United States District Judge / Magistrate Judge*     *Date*

If cash deposited: Receipt # _____ for $ _____

(This bond may require surety agreements and affidavits pursuant to Local Criminal Rule 46.)

Defendant's Initials: KH     Date: 3/29/22

Charles J. Snyder (Bar No. 287246)
Federal Public Defender's Office

FILED
CLERK, U.S. DISTRICT COURT

MAR 29 2022

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| United States of America, | CASE NUMBER: |
|---|---|
| Plaintiff, | MJ-21-1255 |
| v. | |
| Kevin Hernandez | **ADVISEMENT OF DEFENDANT'S STATUTORY & CONSTITUTIONAL RIGHTS** |
| Defendant. | |

You are in the United States District Court for the Central District of California because you have been charged with a crime against the United States or a violation of probation, supervised release, or pretrial release. The Court informs you that you have the following constitutional and statutory rights in connection with these proceedings:

You have the right to remain silent. Anything you say, sign, or write can be used against you in this or in any other case.

If you have not already received a copy of the charges, you will receive a copy today.

You have the right to hire and be represented by a lawyer of your choosing at each and every stage of these proceedings. If you cannot afford to hire a lawyer, you can apply to the Court to have a lawyer appointed to represent you for free from the office of the Federal Public Defender or the Indigent Defense Panel. The application for free counsel includes a financial affidavit, which you must sign under penalty of perjury. If you say something on the form that is not true or leave out material information, you could be charged with another crime, such as perjury or making a false statement.

If you are not a United States citizen, you may request that the prosecution notify your consular office that you have been arrested. Even without such a request, the law may require the prosecution to do so.

## IF YOU ARE MAKING YOUR INITIAL APPEARANCE BEFORE THE COURT

You have a right to a bail hearing in which the Magistrate Judge will determine whether you will be released from custody before trial. If you disagree with the Magistrate Judge's decision, you can appeal that decision to another Judge of this Court. You or the prosecutor can request that the bail hearing be continued to another day.

If you have been charged by complaint, you are entitled to a preliminary hearing within 14 days if the Magistrate Judge orders that you be detained pending trial, or 21 days if the Magistrate Judge orders that you be released pending trial. In a preliminary hearing, the prosecution will attempt to show that there is probable cause to believe that you committed the crime charged in the complaint. You will not be entitled to a preliminary hearing, however, if the prosecution obtains an indictment in your case before the time set for the preliminary hearing. (Most often, the prosecutors in the Central District of California present their cases to the grand jury before the time set for the preliminary hearing and, therefore, no preliminary hearing is held.)

## IF YOU ARE CHARGED WITH A VIOLATION OF
## YOUR CONDITIONS OF SUPERVISED RELEASE OR PROBATION

If you are charged with a violation of the terms and conditions of your supervised release or probation and the Magistrate Judge detains you, you have the right to a preliminary hearing before a Magistrate Judge.

---

CR-10 (06/18)      **ADVISEMENT OF DEFENDANT'S STATUTORY & CONSTITUTIONAL RIGHTS**      PAGE 1 OF 2

*continued on Page 2*

## IF YOU ARE CHARGED IN ANOTHER DISTRICT

If you have been arrested on a charge from another district, you are entitled to wait until the prosecution produces a copy of the warrant authorizing your arrest. You are also entitled to an identity hearing in which the prosecution would have the burden of proving there is probable cause to believe that you are the person named in the charges. If you are charged in a complaint from another district, you may request to have a preliminary hearing held in the charging district. If you are charged with a violation of a term of supervised release or probation imposed in another district, you have a right to a preliminary hearing, which may, depending on where the alleged violation occurred, be held either here or in the charging district.

If you want to plead guilty in the Central District of California, you may request to have your case transferred to this district. To proceed in this district, the United States Attorneys for this district and the charging district must agree to the transfer.

## IF YOU ARE APPEARING FOR ARRAIGNMENT

If you have been charged by indictment or information, you will be arraigned and may be asked to enter a not guilty plea today. After your arraignment, your case will be assigned to a District Judge of this Court for all further proceedings, unless a Judge has already been assigned.

You are entitled to a speedy and public trial by jury. The right to a jury trial can be waived.

You are entitled to see and hear the evidence and cross-examine the witnesses against you. You are entitled to the processes of the Court to subpoena witnesses on your behalf without cost to you if you are indigent. You do not have to prove your innocence. The prosecution has the burden to prove your guilt beyond a reasonable doubt.

## ACKNOWLEDGMENT OF DEFENDANT:

I have read the above Advisement of Rights and understand it. I do not require a translation of this statement nor do I require an interpreter for court proceedings.

Dated: March 29, 2022 _____

/s/ Charles J. Snyder (with authorization)
_____
*Signature of Defendant*

**[or]**

I have personally heard a translation in the _____ language read to me and understand the above Advisement of Rights.

Dated: _____

_____
*Signature of Defendant*

## STATEMENT OF THE INTERPRETER:

I have translated this Advisement of Rights to the Defendant in the _____ language.

Dated: _____

_____
*Signature of Interpreter*

_____
*Print Name of Interpreter*

## STATEMENT OF COUNSEL:

I am satisfied that the defendant has read this Advisement of Rights or has heard the interpretation thereof and that he/she understands it.

Dated: March 29, 2022 _____

/s/ Charles J. Snyder
_____
*Signature of Attorney*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NUMBER: |
|---|---|
| PLAINTIFF | MJ-22-1255 |
| v. | |
| KEVIN HERNANDEZ | **WAIVER OF RIGHTS**<br>**(OUT OF DISTRICT CASES)** |
| DEFENDANT. | |

I understand that charges are pending in the ___Northern___ District of ___Oklahoma___
alleging violation of___21 U.S.C. 841___ and that I have been arrested in this district and
_____(Title and Section / Probation / Supervised Release)_____
taken before a United States Magistrate Judge, who has informed me of the charge(s) and my rights to:

(1)   have an identity hearing to determine whether I am the person named in the charges;
(2)   arrival of process;

*-Check one only-*

☒   **EXCLUDING PROBATION OR SUPERVISED RELEASE CASES:**

(3)   have a preliminary hearing (unless an indictment has been returned or an information filed) to determine whether there is probable cause to believe an offense has been committed by me, the hearing to be held in this district or the district of prosecution; and

(4)   request transfer of the proceedings to this district under Rule 20, Fed.R.Crim.P., in order to plead guilty.

☐   **PROBATION OR SUPERVISED RELEASE CASES:**

(3)   have a preliminary hearing (if the violation charged allegedly occurred in this district, and I am held in custody solely on that charge) under Rule 32.1(b), Fed.R.Crim.P., to determine whether there is probable cause to believe I have violated the terms of my probation/supervised release.

### I HEREBY WAIVE (GIVE UP) MY RIGHT(S) TO:

☐   have an identity hearing
☒   arrival of process *by USMJ Rpd*
☐   have a preliminary hearing
☒   have an identity hearing, and I have been informed that I have no right to a preliminary hearing
☐   have an identity hearing, but I request that a preliminary hearing be held in the prosecuting district.

_/s/ Charles J. Snyder (with authorization)_
_____
Defendant

_/s/ Charles J. Snyder_
_____
Defense Counsel

Date: ___March 29, 2022___

_____
United States Magistrate Judge

I have translated this Waiver to the defendant in the _____ language.

Date: ___March 29, 2022___

_____
Interpreter(if required)

Charles J. Snyder (Bar No. 287246)
Federal Public Defender's Office

FILED
CLERK, U.S. DISTRICT COURT

MAR 29 2022

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NUMBER: |
|---|---|
| PLAINTIFF | MJ-22-1255 |
| v. | |
| KEVIN HERNANDEZ | **DECLARATION RE PASSPORT AND OTHER TRAVEL DOCUMENTS** |
| DEFENDANT. | |

I, Kevin Hernandez _____, declare that

*(Defendant/Material Witness)*

☐ I have never been issued any passport or other travel document by any country. I will not apply for a passport or other travel document during the pendency of this case.

☐ I have been issued a passport or other travel document(s). I will surrender my passport and all other travel document(s) issued to me to the U.S. Pretrial Services Agency by the deadline imposed. I will not apply for a passport or other travel document during the pendency of this case.

☑ I am unable to locate my passport(s) or other travel document(s). If I locate any passport or other travel document issued to me, I will immediately surrender it to the U.S. Pretrial Services Agency. I will not apply for a passport or other travel document during the pendency of this case.

☐ My passport and all other travel documents issued to me are in the possession of federal authorities. If any such document is returned to me during the pendency of this case, I will immediately surrender it to the U.S. Pretrial Services Agency. I will not apply for a passport or other travel document during the pendency of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ____29____ day of _____March_____, 2022
at Los Angeles, California _____

*(City and State)*

/s/ Charles J. Snyder (with authorization)
*Signature of Defendant/Material Witness*

If the declarant is not an English speaker, include the following:

I, _____ , am fluent in written and spoken English and _____

languages. I accurately translated this form from English into _____

to declarant _____ on this date.

Date: _____        _____
*Interpreter*

CR-37 (05/15)                    DECLARATION RE PASSPORT AND OTHER TRAVEL DOCUMENTS

**NAME & ADDRESS**
Charles J. Snyder (Bar No. 287246)
Federal Public Defender's Office



FILED
CLERK, U.S. DISTRICT COURT

MAR 29 2022

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | | CASE NUMBER |
|---|---|---|
| | PLAINTIFF, | MJ-22-1255 |
| v. | | |
| KEVIN HERNANDEZ | | **CONSENT TO VIDEO/TELEPHONIC CONFERENCE AND/OR WAIVER OF DEFENDANT'S PRESENCE** |
| | DEFENDANT(S). | ☐ **AND PROPOSED FINDINGS/ORDER** |

*Check each that applies:*

☒ CONSENT TO VIDEO CONFERENCE/TELEPHONIC CONFERENCE     ☐ WAIVER OF DEFENDANT'S PRESENCE

**1. Consent to Video Conference/Telephonic Conference**

I, Kevin Hernandez _____, understand that the U.S. Constitution, the Federal Rules of Criminal Procedure, and/or one or more federal statutes may give me the right to have all the below-listed proceedings take place in person in open court. After consultation with counsel, I knowingly and voluntarily consent to the proceedings below instead taking place by video conference or, if video conference is not reasonably available, by telephonic conference:

*Check each that applies:*

☒ Detention/Bail Review/Reconsideration Hearing(s) (18 U.S.C. Sec. 3142)     ☒ Initial Appearance (Fed. R. Crim. P. 5)

☐ Preliminary Hearing (Fed. R. Crim. P. 5.1)     ☐ Arraignment (Fed. R. Crim. P. 10)

☐ Pretrial Release Revocation Proceedings (18 U.S.C. Sec. 3148)     ☐ Waiver of Indictment (Fed. R. Crim. P. 7(b))

☐ Misdemeanor Pleas and Sentencings (Fed. R. Crim. P. 43(b)(2))     ☐ Appearances under Fed. R. Crim. P. 40

☐ Probation and Supervised Release Revocation Proceedings (Fed. R. Crim. P. 32.1)

*Note: to consent to an appearance by video or telephonic conference at one of the two proceedings listed below, you must also complete the "Proposed Findings" section on page 2 of this form.*

☐ Felony Pleas (Fed. R. Crim. P. 11)     ☐ Felony Sentencings (Fed. R. Crim. P. 32)

**2. Waiver of Defendant's Presence**

I, _____, understand that the U.S. Constitution, the Federal Rules of Criminal Procedure, and/or one or more federal statutes may give me the right to be present at all of the below-listed proceedings - in person, by video conference, or by telephonic conference. After consultation with counsel, I knowingly and voluntarily waive my right to be present in person in open court or by video conference or by telephonic conference at the proceedings below:

*Check each that applies (and use Form CR-35 to waive the defendant's presence at other types of proceedings):*

☐ Detention/Bail Review/Reconsideration Hearing(s) (18 U.S.C. Sec. 3142)     ☐ Waiver of Indictment (Fed. R. Crim. P. 7(b))

☐ Preliminary Hearing (Fed. R. Crim. P. 5.1)     ☐ Appearances under Fed. R. Crim. P. 40

☐ Pretrial Release Revocation Proceedings (18 U.S.C. Sec. 3148)

☐ Misdemeanor Pleas and Sentencings (Fed. R. Crim. P. 43(b)(2))

☐ Probation and Supervised Release Revocation Proceedings (Fed. R. Crim. P. 32.1)

| March 29, 2022 | /s/ Charles J. Snyder (with authorization) |
|---|---|
| Date | Defendant |
| | ☒ Signed for Defendant by Counsel for Defendant with Defendant's Authorization [Check if applicable] |

I have translated this consent/waiver to the Defendant in the _____ language.

_____
Date

_____
Interpreter (if required)

☐ Signed for Interpreter by Counsel for Defendant with Interpreter's Authorization [Check if applicable]

I am counsel for the Defendant herein. Prior to the Defendant signing this document or authorizing me to sign this document on the Defendant's behalf, I fully advised the Defendant of the Defendant's above-referenced rights and consulted with the Defendant regarding such rights and the Defendant's consent/waiver(s). I believe that the Defendant understands such rights and that the Defendant's consent/waiver(s) are knowing and voluntary, and I concur with such consent/waiver(s).

March 29, 2022
_____
Date

/s/ Charles J. Snyder
_____
Counsel for Defendant

## 3. Proposed Findings Regarding Harm of Further Delay of Felony Plea or Sentencing

Pursuant to § 15002(b)(2) of the Coronavirus Aid, Relief, and Economic Security ("CARES") Act and § 2 of Order of the Chief Judge No. 20-043 (In Re: Coronavirus Public Emergency Use of Video and Telephonic Conference in Certain Criminal Proceedings), felony pleas and sentencings cannot be conducted other than in person in open court unless the judge makes specific findings that the plea or sentencing "cannot be further delayed without serious harm to the interests of justice." Accordingly, if the defendant intends to consent to a felony plea or sentencing taking place by video conference or, if video conference is not reasonably available, by telephonic conference, instead of in person in open court, the defendant must set forth below proposed findings sufficient to make this showing.

## 4. Order Adopting Findings Regarding Harm of Further Delay of Felony Plea or Sentencing

Pursuant to § 15002(b)(2) of the Coronavirus Aid, Relief, and Economic Security ("CARES") Act and § 2 of Order of the Chief Judge No. 20-043 (In Re: Coronavirus Public Emergency Use of Video and Telephonic Conference in Certain Criminal Proceedings), I hereby find that the:

☐ Felony Plea (Fed. R. Crim. P. 11)     ☐ Felony Sentencing (Fed. R. Crim. P. 32)

in this case cannot be further delayed without serious harm to the interests of justice, for the reasons set forth above.

_____
Date

_____
United States District Judge

Name and address:
Kellye Ng-McCullough
Assistant United States Attorney, General Crimes Section
1200 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Tel: (213) 894-8404; Facsimile: (213) 894-0141
E-mail: Kellye.Ng-McCullough@usdoj.gov

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | CASE NUMBER: |
|---|---|
| PLAINTIFF(S) v. | 2:22-MJ-1255-DUTY |
| KEVIN HERNANDEZ | **NOTICE OF APPEARANCE OR WITHDRAWAL OF COUNSEL** |
| DEFENDANT(S) | |

## INSTRUCTIONS

*Appearance of Counsel*:

Attorneys may use this form to enter an appearance in a case, or to update the docket of a case to reflect a prior appearance. To do so, complete Sections I, II, and IV of this form, then file and serve the form in the case. (Using an attorney's CM/ECF login and password to file this form will expedite the addition of that attorney to the docket as counsel of record.)

*Withdrawal of Counsel*:

This form may be used to terminate an attorney's status as counsel of record for a party in three situations: (1) the attorney being terminated has already been relieved by the Court, but the docket does not yet reflect that fact; (2) at least one member of the attorney's firm or agency will continue to represent that party and the withdrawing attorney is not the only member of the Bar of this Court representing that party; or (3) the represented party has been dismissed from the case, but the attorneys are still receiving notices of electronic filing. For any of these situations, complete Sections I, III, and IV of this form, then file and serve the form in the case.

**Note:** *In situations not covered above, attorneys seeking to withdraw from a case must first obtain permission from the Court. In such circumstances, attorneys should complete and file a "Request for Approval of Substitution or Withdrawal of Counsel" (Form G-01) rather than this "Notice of Appearance or Withdrawal of Counsel" (Form G-123). See Form G-01 for further information.*

## SECTION I - IDENTIFYING INFORMATION

*Please complete the following information for the attorney you wish to add or remove (if removing an attorney, provide the information as it underline currently appears on the docket; if appearing pro hac vice, enter "PHV" in the field for "CA Bar Number"):*

Name: Kellye Ng-McCullough                    CA Bar Number: 313051

Firm or agency: United States Attorney's Office

Address: 312 North Spring Street, Los Angeles, CA 90012

Telephone Number: (213) 894-8408          Fax Number: (213) 894-0141

Email: Kellye.Ng-McCullough@usdoj.gov

Counsel of record for the following party or parties: United States of America

---

## SECTION II - TO ADD AN ATTORNEY TO THE DOCKET

*Please select one of the following options:*

☐ The attorney listed above has already appeared as counsel of record in this case and should have been added to the docket.  The date of the attorney's first appearance in this case: _____ .

☐ The filing of this form constitutes the first appearance in this case of the attorney listed above.  Other members of this attorney's firm or agency have previously appeared in the case.

☒ The filing of this form constitutes the first appearance in this case of the attorney listed above.  No other members of this attorney's firm or agency have previously appeared in the case.

☐ By order of the court dated _____ in case number _____ (see attached copy), the attorney listed above may appear in this case without applying for admission to practice *pro hac vice*.

☐ This case was transferred to this district by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to 28 U.S.C. § 1407 from the _____ District of _____, where it was assigned case number _____.  The attorney listed above is counsel of record in this case in the transferee district, and is permitted by the rules of the JPML to continue to represent his or her client in this district without applying for admission to practice *pro hac vice* and without the appointment of local counsel.

☐ On _____, the attorney listed above was granted permission to appear in this case *pro hac vice* before the Bankruptcy Court, and L.Bankr.R. 8 authorizes the continuation of that representation in this case before the District Court.

*In addition, if this is a criminal case, please check the applicable box below. The attorney listed above is:*

☒ USAO   ☐ FPDO   ☐ CJA Appointment   ☐ Pro Bono   ☐ Retained

## SECTION III - TO REMOVE AN ATTORNEY FROM THE DOCKET

***Notices of Electronic Filing will be terminated****. Please select one of the following options:*

☐ The attorney named above has already been relieved by the Court as counsel of record in this case and should have been removed from the docket.  Date of the order relieving this attorney: _____ .

☐ Please remove the attorney named above from the docket of this case; at least one member of the firm or agency named above, and at least one member of the Bar of this Court, will continue to serve as counsel of record for the party or parties indicated.
*(Note:  if you are removing yourself from the docket of this case as a result of separating from a firm or agency, you should consult Local Rules 5-4.8.1 and 83-2.4 and Form G-06 ("Notice of Change of Attorney Business or Contact Information"), concerning your obligations to notify the Clerk and parties of changes in your business or contact information.)*

☐ The represented party has been dismissed from the case, but the attorneys are still receiving notices of electronic filing.  Date party was dismissed: _____ .

☐ The attorney named above was appointed on appeal and the appeal has been adjudicated.  Date the mandate was filed: _____ .

## SECTION IV  - SIGNATURE

I request that the Clerk update the docket as indicated above.

Date: March 31, 2022 _____

Signature: /s/ Kellye Ng-McCullough _____

Name: Kellye Ng-McCullough _____

```
 1   TRACY L. WILKISON
     United States Attorney
 2   SCOTT M. GARRINGER
     Assistant United States Attorney
 3   Chief, Criminal Division
     KELLYE NG-MCCULLOUGH (Cal. Bar No. 313051)
 4   Assistant United States Attorney
     General Crimes Section
 5        1200 United States Courthouse
          312 North Spring Street
 6        Los Angeles, California 90012
          Telephone: (213) 894-8408
 7        Facsimile: (213) 894-0141
          Email:     Kellye.Ng-McCullough@usdoj.gov
 8
 9   Attorneys for Plaintiff
     UNITED STATES OF AMERICA
10
11                  UNITED STATES DISTRICT COURT
12             FOR THE CENTRAL DISTRICT OF CALIFORNIA
13   UNITED STATES OF AMERICA,        No. 2:22-MJ-1255-DUTY
14             Plaintiff,             NOTICE OF STAY OF RELEASE
15             v.
16   KEVIN HERNANDEZ,
17             Defendant.
18
19        Plaintiff, United States of America, hereby advises the Court and
20   all parties that the United States District Court for the Northern
21   District of Texas in United States v. Kevin Hernandez, No. 22-CR-67-
22   CVE (N.D. Okla.) (Dkt. 74) has granted the government's request to stay
23   //
24
25   //
26
27   //
28
```

the pretrial release order in <u>United States v. Kevin Hernandez</u>, No. 2:22-MJ-1255-DUTY (C.D. Cal.) (Dkt. 5).


Dated: March 31, 2022                Respectfully submitted,

                                     TRACY L. WILKISON
                                     United States Attorney

                                     SCOTT M. GARRINGER
                                     Assistant United States Attorney
                                     Chief, Criminal Division


                                     _____/s/_____
                                     KELLYE NG-MCCULLOUGH
                                     Assistant United States Attorney


                                     Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA

CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CHARLES J. SNYDER (Bar No. 287246)
Email: Charles_Snyder@fd.org
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
Kevin Hernandez

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. MJ-22-1255 |
| Plaintiff, | |
| v. | **MOTION FOR RELEASE** |
| KEVIN HERNANDEZ, | |
| Defendant. | |

# **MOTION FOR RELEASE**

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception."  United States v. Salerno, 481 U.S. 739, 755 (1987). In detention proceedings involving out-of-district defendants, however, a recurring pattern has inverted this basic principle.

The recurring pattern is as follows: (1) a newly-arrested defendant makes his initial appearance on an out-of-district case in the Central District and is ordered released pending trial; (2) at the request of the out-of-district AUSA, the local AUSA requests a stay of the detention order pending a motion for review in the charging district; (3) the Central District judge grants the stay as a matter of course, with no particularized showing of a likelihood of success or that irreparable harm will occur before the defendant can voluntarily reach the charging district; (4) the defendant with the release order is then taken into custody in a Los Angeles jail and subjected to a multiweek quarantine; (5) meanwhile, the out-of-district AUSA moves for review in the charging district – where the defendant is neither present nor represented – and either obtains a further stay of the release order or a substantive reversal and order of detention; (6) the defendant – who was ordered released in the only adversarial proceeding in which he was represented and could participate – is then detained pending transfer to the charging district which, particularly during the pandemic, may take several months;[1] (7) during the period of detention, the defendant not only loses his or her liberty, but likely a job, and is also separated from children, loved ones, and dependent relatives.

This case represents another example of this recurring problem.  On March 29, 2022, Kevin Hernandez made his initial appearance on an out-of-district Indictment and this Court found that he was entitled to release under 18 U.S.C § 3142.  At the request

---

[1] Because it is unclear that the Court or prosecutors understand exactly how long transfers are taking during the pandemic, Hernandez's counsel has raised this issue in earlier cases.  See, e.g., United States v. Kevin Anderson; MJ-21-277, Docket No. 16, Snyder Decl. ¶¶ 2-3.

of an out-of-district prosecutor, however, the local prosecutor asked that the Court stay the release order pending an appeal in the charging district.

Hernandez objected to the stay on two grounds. Legally, he argued that no statute provides a basis for a stay and that the government had not made any particularized showing to support one in the exercise of the Court's inherent authority. See generally Humane Soc'y of U.S. v. Gutierrez, 558 F.3d 896, 896 (9th Cir. 2009) (even where stay pending appeal is authorized by statute or rule, party seeking stay must establish that it is "likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of relief, that the balance of equities tip in his favor, and that a stay is in the public interest"). Practically, he argued that a stay would result in him being detained for an extended period – in contravention of the Bail Reform Act – despite a release order issued during the only adversarial detention proceeding in which he could participate.

The Court granted the stay over Hernandez's objections.

On March 31, 2022, the government filed an appeal in the Northern District of Oklahoma, a jurisdiction in which Hernandez is not represented. Although this is an indicted case – which means that the Sixth Amendment guarantees Hernandez the right to be represented and present at every critical stage of the proceedings,[2] and federal law entitles him to be present and represented at all detention proceedings[3] – the Oklahoma

---

[2] Rothgery v. Gillespie Cty., Tex., 554 U.S. 191, 194 (2008) ("This Court has held that the right to counsel guaranteed by the Sixth Amendment applies at the first appearance before a judicial officer at which a defendant is told of the formal accusation against him and restrictions are imposed on his liberty"); United States v. Baucum, No. CR 01-474 PHX SRB, 2001 WL 1448604, at *2 (D. Ariz. Nov. 15, 2001) ("[I]t is axiomatic that the Sixth Amendment guarantees the assistance of counsel at every 'critical' stage of a prosecution. No one can seriously contend that a detention hearing is not a critical stage of a prosecution where the liberty of a defendant hangs in the balance.").

[3] 18 U.S.C. § 3600A(c) ("A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal, including ancillary matters appropriate to the proceedings."); Fed. R. Crim P. 44(a) ("A defendant who is unable to obtain counsel is entitled to have counsel appointed to represent the defendant at every

1    judge granted the government's ex parte motion to extend the stay and ordered a

2    response from Hernandez by no later than Monday, April 4, 2022.

3        Hernandez will almost certainly not be filing a response on April 4, which is

4    three days from now including the weekend.  He is currently in a three-week entry

5    quarantine in a jail in Los Angeles; so, even if he had a lawyer in Oklahoma (he does

6    not), he would not be able to communicate with that lawyer for 14-21 days.  He also

7    hasn't waived his presence or consented to a video or telephonic appearance in the

8    Oklahoma (as required by the CARES Act); and even if he had, there been no

9    indication that a remote appearance would even be possible.

10       The net effect of all of this is that Hernandez, a person with no criminal history,

11   theoretically has a release order from the only adversarial proceeding in which he

12   participated; in reality, however, he will be detained for weeks or possibly months –

13   during which time he will lose not only his liberty but his job – based on an ex parte

14   detention order from a jurisdiction where he is not represented, at proceedings where he

15   was not present, all in violation of the Sixth Amendment and federal law.  Rothgery,

16   554 U.S. at 194; United States v. Baucum, 2001 WL 1448604, at *2; 18 U.S.C. §

17   3600A(c); Fed. R. Crim P. 44(a); 18 U.S.C. § 3145(a) (any motion for review of a

18   release order "shall be determined promptly"); United States v. Fernandez-Alfonso, 813

19   F.2d 1571, 1572 (9th Cir. 1987) (where court delayed review of detention order for 30

20   days, ordering release for failure to comply with "prompt" requirement)

21       Supported only by the ex parte Oklahoma detention order, Hernandez's detention

22   is illegal.  Whether under § 3142 or 28 U.S.C. § 2241, he is entitled to release.  Because

23   this is the only court in which Hernandez is represented and can obtain effective relief,

24   the Court should order him released on the conditions in its existing order, along with

25   the possible additional condition that he appear in the Northern District of Oklahoma

26   within a week.

27   _____

28   stage of the proceeding from initial appearance through appeal, unless the defendant
     waives this right").

3

Respectfully submitted,

Cuauhtemoc Ortega
Federal Public Defender

DATED: April 1, 2022        By  /s/ Charles J. Snyder
                                Charles J. Snyder
                                Attorneys for Kevin Hernandez

| AO 436<br>(Rev. 04/13) | ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS<br>**AUDIO RECORDING ORDER** | | |
|---|---|---|---|

*Read Instructions.*

| 1. NAME | | 2. PHONE NUMBER | 3. EMAIL ADDRESS | |
|---|---|---|---|---|
| 4. MAILING ADDRESS | | 5. CITY | 6. STATE | 7. ZIP CODE |

| 8. CASE NUMBER | 9. CASE NAME | DATES OF PROCEEDINGS | |
|---|---|---|---|
| | | 10. FROM | 11. TO |
| 12. PRESIDING JUDGE | | LOCATION OF PROCEEDINGS | |
| | | 13. CITY | 14. STATE |

**15. ORDER FOR**

| | | | |
|---|---|---|---|
| ☐ APPEAL | ☐ CRIMINAL | ☐ CRIMINAL JUSTICE ACT | ☐ BANKRUPTCY |
| ☐ NON-APPEAL | ☐ CIVIL | ☐ IN FORMA PAUPERIS | ☐ OTHER *(Specify)* |

**16. AUDIO RECORDING REQUESTED** *(Specify portion(s) and date(s) of proceeding(s) for which duplicate recordings are requested.)*

| PORTION (S) | DATE(S) | PORTION(S) | DATE(S) |
|---|---|---|---|
| ☐ VOIR DIRE | | ☐ TESTIMONY *(Specify Witness)* | |
| ☐ OPENING STATEMENT (Plaintiff) | | | |
| ☐ OPENING STATEMENT (Defendant) | | | |
| ☐ CLOSING ARGUMENT (Plaintiff) | | ☐ PRE-TRIAL PROCEEDING *(Specify)* | |
| ☐ CLOSING ARGUMENT (Defendant) | | | |
| ☐ OPINION OF COURT | | | |
| ☐ JURY INSTRUCTIONS | | ☐ OTHER *(Specify)* | |
| ☐ SENTENCING | | | |
| ☐ BAIL HEARING | | | |

**17. ORDER**

| | NO. OF COPIES REQUESTED | COSTS |
|---|---|---|
| ☐ DUPLICATE TAPE(S) FOR PLAYBACK ON A STANDARD CASSETTE RECORDER | | |
| ☐ RECORDABLE COMPACT DISC - CD | | |
| ☐ ELECTRONIC FILE *(via email, digital download, or other Judicial Conference Approved Media)* | | |
| **ESTIMATE TOTAL** | | |

**CERTIFICATION (18. & 19.)** By signing below, I certify that I will pay all charges (deposit plus additional) upon completion of the order.

| 18. SIGNATURE | 19. DATE |
|---|---|

| PROCESSED BY | | | PHONE NUMBER |
|---|---|---|---|
| | DATE | BY | |
| ORDER RECEIVED | | | DEPOSIT PAID | |
| DEPOSIT PAID | | | TOTAL CHARGES | |
| TAPE / CD DUPLICATED *(if applicable)* | | | LESS DEPOSIT | |
| ORDERING PARTY NOTIFIED<br>TO PICK UP TAPE/CD *(if applicable)* | | | TOTAL REFUNDED | |
| PARTY RECEIVED AUDIO RECORDING | | | TOTAL DUE | |

**DISTRIBUTION:**     COURT COPY     ORDER RECEIPT     ORDER COPY

AO 436
(Rev. 04/13)

# INSTRUCTIONS
## GENERAL

**Use.**  Use this form to order duplicate audio recordings of proceedings.  Complete a separate order form for each case number for which audio recordings are ordered.

**Completion**.  Complete Items 1-19.  Do *not* complete shaded areas which are reserved for the court's use.

**Order Copy.**  Keep a copy for your records.

**Mailing or Delivering to the Court.**  Mail or deliver two copies to the Office of the Clerk of Court.

**Deposit Fee.**  For orders of 20 or more audio recordings, the court will notify you of the amount of the required deposit fee which may be mailed or delivered to the court.  Upon receipt of the deposit, the court will process the order.

**Delivery Time.**  Delivery time is computed from the date of receipt of the deposit fee (if requested, otherwise computed from the court's receipt date).

**Completion of Order.**  The court will notify you when the audio recordings  are completed.

**Balance Due.**  If the deposit fee was insufficient to cover all charges, the court will notify you of the balance due which must be paid prior to receiving the completed order.

## SPECIFIC

Items 1-19.    These items should always be completed.

Item 8.        Only one case number may be listed per order.

Item 15.       Place an "X" in each box that applies.

Item 16.       Check specific portion(s) and list specific date(s) of the proceedings for which a copy is requested.

Item 17.       Place an "X" in each box that applies.  Indicate the number of additional copies ordered.

Item 18.       Sign in this space to certify that you will pay all charges upon completion of the order.  (This includes the deposit plus any additional charges.)

Item 19.       Enter the date of signing.

Shaded Area.  Reserved for the court's use.

1  CUAUHTEMOC ORTEGA (Bar No. 257443)
   Federal Public Defender
2  CHARLES J. SNYDER (Bar No. 287246)
   Email: Charles_Snyder@fd.org
3  321 East 2nd Street
   Los Angeles, California 90012-4202
4  Telephone: (213) 894-2854
   Facsimile: (213) 894-0081
5
6  Attorneys for Defendant
   Kevin Hernandez
7
8                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA
                          WESTERN DIVISION
10
11 UNITED STATES OF AMERICA,              Case No. MJ-22-1255
12            Plaintiff,
                                          **SUPPLEMENT TO MOTION FOR**
13       v.                               **RELEASE (DOCKET NO. 13)**
14 KEVIN HERNANDEZ,
15            Defendant.
16
17        As an addendum to the recently-filed Motion for Release (Docket No. 13),
18 counsel for Kevin Hernandez writes to notify the Court that, after the motion was filed,
19 Hernandez was appointed counsel in Oklahoma. Hernandez is still unable to
20 communicate with his Oklahoma counsel because he is quarantined in a jail in Los
21 Angeles. While the appointment of counsel without the ability to communicate does
22 not meaningfully affect the arguments raised in the motion, counsel nonetheless wants
23 to make sure that the Court has the most up-to-date information.
24
25                                    Respectfully submitted,
                                      Cuauhtemoc Ortega
26                                    Federal Public Defender
   DATED: April 1, 2022              By  /s/ Charles J. Snyder
27                                    _____
                                      Charles J. Snyder
28                                    Attorneys for Kevin Hernandez

Date Approved: 3/31/22   Extension: x8408

By: Kellye Ng-McCullough

☐ PSA Officer *(for material witness only)*   ☒ AUSA

Signature: /s/ Kellye Ng-McCullough

FILED ORIGINAL

2022 APR -1  AM 11: 35

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | CASE NUMBER |
| | PLAINTIFF, | MJ-22-1255 |
| v. | | |
| KEVIN HERNANDEZ | | **AFFIDAVIT OF SURETY (NO JUSTIFICATION)** |
| | DEFENDANT(S). | |

I, the undersigned surety, state on oath that I permanently reside within the jurisdiction of the United States District Court for the Central District of California at the address indicated below or in (City, State):

I further state that I understand the provisions of the bond executed by the above-named defendant for which this affidavit supports, and I agree to be bound as a condition of this bond by the provisions of Local Criminal Rule 46-6 as set forth at the bottom of this document and further acknowledge and agree that I and my personal representatives are bound as a condition of this bond, jointly and severally with the defendant and other sureties, to pay to the United States of America the sum of $ 20,000 , in the event that the bond is forfeited.

I further understand that it is my obligation to inform the Court and counsel of any change in residence address or employment of the defendant immediately upon becoming aware of such fact.

I further agree and understand that, unless otherwise ordered by the Court, the bond for which this affidavit supports is a continuing bond (including any proceeding on appeal or review) which shall continue in full force and effect until such time as the undersigned is duly exonerated by Order of the Court.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on this ____29____ day of March , 20 22 .

Leticia Oronoz
Name of Surety

*Signature of Surety* *Leticia Oronoz*

Mother
Relationship of Surety

X X X - X X - ___ ___ ___ ___
✱ Social Security Number of Surety *(Last 4 digits only)*

Address of Surety

City, State, Zip Code

*Local Criminal Rule 46-6*

*Bond - Summary Adjudication of Obligation*

*A bond or undertaking presented for filing shall contain consent of the principal and surety that, in case of default or contumacy on the part of the principal or surety, the Court, upon ten (10) days notice, may render a judgment summarily in accordance with the obligation undertaken and issue a writ of execution upon such judgment. An indemnitee or party in interest seeking a judgment on a bond or undertaking shall proceed by Motion for Summary Adjudication of Obligation and Execution. Service may be made on a corporate surety as provided in 31 U.S.C. § 9306.*