# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |
|---|---|
| PLAINTIFF, | ) |
| VS. | ) CASE NO. 22-CR-00067-CVE |
| KEVIN HERNANDEZ, | ) |
| DEFENDANT. | ) |

## RESPONSE TO APPEAL OF BAIL DETERMINATION AND MOTION TO REVOKE RELEASE ORDER

COMES NOW, Defendant, Kevin Hernandez ("Hernadez" or "Defendant"), by and through his counsel John A. L. Campbell, and for his response to the Government's Appeal of Bail Determination and Motion to Revoke Release Order ("Appeal"), alleges and states as follows:

Defendant was arrested on March 28, 2022 on an arrest warrant based upon an Indictment filed in the Northern District of Oklahoma. Hernandez was charged with three counts in the Indictment. Count One charged Hernandez with participating in a drug conspiracy in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii). Count Two charged Hernandez with manufacturing, distributing, and possessing methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(A)(1) and 841(b)(1)(A)(viii). Count Three charged Hernandez with maintaining a drug-involved premises in violation of 21 U.S.C. §§ 856(a)(1) and 856(b).

On March 29, 2022, Hernandez appeared before a magistrate judge in the Central District of California for a detention hearing. At the hearing, the government moved to detain Hernandez pending trial. The government's proffer of evidence was limited to the Indictment and the Pretrial Service Report. While the government argued that detention was warranted due to the scale of the

alleged drug trafficking organization and the potential length of Hernandez' sentence if convicted, the magistrate adopted the recommendation of the Pretrial Service Report and ordered that Hernandez be released subject to various conditions.

The magistrate granted the United States' request for an order staying Hernandez's release pending an appeal of its decision. Thereafter, the United States filed its appeal of the magistrate's decision with this Court. For the reasons set forth below, Defendant respectfully submits that the Court should uphold the magistrate judge's decision to release Hernandez pending trial, subject to certain conditions.

## **ARGUMENTS & AUTHORITIES**

Under the Bail Reform Act of 1984, 18 U.S.C. § 3142 *et seq.*, if a judicial officer finds after conducting a hearing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). In the present case, the magistrate judge determined that it was appropriate to order that Hernandez be released and imposed a series of conditions designed to both assure his appearance at trial and to protect the safety of the public. Now the government asks this Court to overturn the magistrate's decision and order that Hernandez be detained pending trial.

The government argues that because the defendant is charged with a drug offense carrying a maximum term of imprisonment of ten years or more, a rebuttable presumption arises that the defendant is a flight risk and a danger to the community. *See* Appeal, p. 5 citing 18 U.S.C. § 3142(e)(3). Once triggered, the presumption imposes "a burden of production on the defendant to offer some credible evidence contrary to the statutory presumption." *United States v. Taylor*, 289 F. Supp. 3d 55, 63 (D.D.C. 2018) citing *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir.

1985). "While the burden of production may not be heavy," the defendant must proffer "at least some evidence" or basis to conclude that the case falls "outside 'the congressional paradigm' " giving rise to the presumption. *Id*. (citations omitted.); *see also United States v. Bess*, 678 F.Supp. 929, 934 (D.D.C. 1988) (finding that the presumption "represents Congress's general factual view about the special flight risks and the special risks of danger to the community presented by defendants who commit the crimes to which it attaches"). The defendant's burden, moreover, is only a burden of production; the burden of persuasion remains with the government throughout the proceeding. *Id*. citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001); *see also Alatishe*, 768 F.2d at 371 n.14 (citing *Jessup*, 757 F.2d 378, but not deciding the question).

In the present case there is ample evidence to take Hernandez's circumstances outside the realm of a typical defendant in a drug conspiracy case. As reflected in the Pretrial Services Report, and as Defendant's counsel argued at the detention hearing, Hernandez has no serious criminal history. He has no history of violence and he has not been charged with a violent crime. Hernandez has been a lifelong resident of California and has strong family ties to his community. He has maintained consistent employment. As such, there is no rational basis for determining that Hernandez would be a danger to the community if released pending trial.

With respect to whether or not Hernandez is a flight risk, there are also several extraordinary factors that weigh against a finding that he should be detained pending trial. First, his mother agreed to sign an Appearance Bond, without justification, for $27,600, an amount which is the equivalent of her annual salary, in order to secure Hernandez release. While she ultimately signed a bond for a slightly lower amount of $22,000, this is still a significant amount of money for her. The Pretrial Services Report notes that Hernandez has a close bond with his mother, and speaks with her daily. As such, the fact Hernandez's mother committed to pay nearly

a full year's salary if he failed to appear at trial provides a strong assurance that he will not attempt to flee.

In addition, as Defendant's prior counsel explained to the magistrate, Hernandez actually found out about the warrant for his arrest prior to being arrested. Notably, Hernandez did not attempt to flee the country, as the government asserts would be so easy for him to do. Rather, he reached out to an attorney in the federal public defenders' office and began the process of arranging his self-surrender to the government. While Hernandez was ultimately arrested before the self-surrender was arranged, it is telling that he has already demonstrated his willingness to turn himself into authorities.

For all these reasons, the Pretrial Services Report came to the conclusion that "a suitable bond, along with a combination of conditions, would reasonably assure the defendant's appearance at future proceedings." Pretrial Services Report, p. 5. Likewise, the report stated that "Pretrial Services believes there are a combination of conditions that would reasonably assure the safety of the community." *Id*. The magistrate judge was justified in following the recommendations of Pretrial Services with respect to the issue of Hernandez's detention. Indeed, apart from the Pretrial Services Report, the government did not proffer any evidence at the detention hearing other than the bare allegations set forth in the Indictment. Because the government has not provided a sufficient basis to contradict Pretrial Services' conclusion that a combination of conditions could assure both the safety of the community and Hernandez's appearance at trial, it would not be appropriate to detain Hernandez pending trial.

WHEREFORE, premises considered, Defendant, Kevin Hernandez, respectfully requests that the Court deny the Government's Appeal of Bail Determination and Motion to Revoke Release Order, and grant such other relief as the Court deems just and proper.

        Respectfully submitted,

        s/John A.L. Campbell
        John A.L. Campbell, OBA #17590
        Aston, Mathis, Campbell, PLLC
        2642 E. 21st Street, Suite 250
        Tulsa, OK 74114
        (918) 949-9966 – telephone
        (918) 949-9968 – facsimile

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2022, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the registered ECF participants.

        *s/John A.L. Campbell*
        John A.L. Campbell