IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 22-CR-0067-CVE |
| | ) |
| HOMERO ORTIZ NAVARRETTE, | ) |
| a/k/a Homero Ortiz, | ) |
| JORGE MARTINEZ, | ) |
| JESSICA ORONOZ-HERNANDEZ, | ) |
| KEVIN HERNANDEZ, | ) |
| JOSE MANUEL LLAMAS GAYTAN, | ) |
| CONRADO RENTARIA, | ) |
| ROQUE GAYTAN, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Now before the Court is defendant Jessica Oronoz-Hernandez's motion to declare the case complex and continue all deadlines in the scheduling order (Dkt. # 67).[1] On March 10, 2022, a grand jury returned an indictment (Dkt. # 18) charging each of the defendants with drug conspiracy (count one), and there are additional drug charges alleged against certain defendants (counts two through five). The Court has entered a scheduling order (Dkt. # 60) setting this matter for a pretrial conference on April 27, 2022 and for a jury trial on May 16, 2022. Oronoz-Hernandez's counsel, Stephen Knorr, states that he has received only limited discovery materials, but plaintiff has advised defense counsel that the remaining discovery materials are voluminous. The anticipated discovery materials include intercepted electronic communications and phone calls, court documents, video

---

[1] Defendants Homero Ortiz Navarette and Jose Manuel Llamas Gaytan have filed motions to join in the motion to declare this matter a complex case, and the motions for joinder (Dkt. ## 84, 89) will be granted.

footage from arrests and search warrants, and electronic data from seized cellular phones. Once the discovery materials are produced, it will take defense counsel a substantial amount of time to review the discovery materials and prepare for trial. Oronoz-Hernandez asks the Court to declare this matter a complex case and to continue the trial to the September 2022 jury trial docket. Each defendant who has appeared in this case has filed a speedy trial waiver. Dkt ## 68, 70, 79, 83, 87, 90. Plaintiff does not object to the request to declare this matter a complex case.

Oronoz-Hernandez states that it will take defense counsel a substantial amount of time to review the voluminous discovery, consult with the defendant, and prepare a defense, and defendant asks the Court to declare this matter a complex case under §§ 3161(h)(7)(A) and (h)(7)(B)(ii) of the Speedy Trial Act. Dkt. # 19. These sections permit a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute permits a court to consider whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). A court may also consider whether "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act.]" Id. at § 3161(h)(7)(B)(ii). The Tenth Circuit has been clear that an ends

of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

Oronoz-Hernandez asks the Court to declare this matter a complex case under § 3161(h)(7)(A) and (h)(7)(B)(ii) of the Speedy Trial Act. Defense counsel states that plaintiff has not yet produced most of the discovery materials, and plaintiff has advised defense counsel that the discovery materials are voluminous. Dkt. # 67, at 1-3. The Court also notes that this is a multiple defendant case and the alleged drug conspiracy lasted approximately a year and half. The Court finds that Oronoz-Hernandez's request to declare this matter a complex case is reasonable, and each defendant who has appeared before the Court has filed a speedy trial waiver (Dkt. # 68, 70, 79, 83, 87, 90). The Court must also consider the public's interest in a speedy trial, because the public has an independent interest in the prompt prosecution of criminal matters, even apart from defendants' interest in receiving a speedy trial. Zedner v. United States, 547 U.S. 489, 501 (2006). The Court finds that strict compliance with the Speedy Trial Act's 70 day deadline would subvert the public's

interest in a fair trial of this case. While the public has a strong interest in a speedy trial of all criminal cases, this interest must be balanced against defendants' interest of having adequate time to prepare for trial. Under these circumstances, defendants' interest in having adequate time to review discovery and prepare for trial outweighs the public's interest in a speedy trial, and the public's interest in a speedy trial will not be subverted by granting defendants' request for a continuance.

**IT IS THEREFORE ORDERED** that Oronoz-Hernandez's motion to declare the case complex and continue all deadlines in the scheduling order (Dkt. # 67) is **granted**. **This case is declared complex**. All deadlines in the scheduling order (Dkt. # 60), including the pretrial conference set for April 27, 2022 and the jury trial set for May 16, 2022, are **stricken**.

**IT IS FURTHER ORDERED** that the scheduling order is amended as follows:

| | |
|---|---|
| Motions due: | July 28, 2022 |
| Responses due: | August 11, 2022 |
| PT/CP/Motions Hearing: | **August 25, 2022 at 10:00 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | September 6, 2022 |
| Jury Trial: | **September 12, 2022 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time from May 16, 2022, inclusive, to September 12, 2022, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**IT IS FURTHER ORDERED** that defendants Homero Ortiz Navarette's and Jose Manuel Llamas Gayton's motions (Dkt. ## 84, 89) to join in the Oronoz-Hernandez's motion to declare this matter a complex case are **granted**.

**DATED** this 7th day of March, 2022.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE