UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 22-CR-0067-008-CVE |
| | ) |
| KEVIN GIOVANI HERNANDEZ, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is Plaintiff's Appeal of Bail Determination and Motion to Revoke Release Order (Dkt. # 71). On March 29, 2022, defendant Kevin Hernandez was arrested in the Central District of California on an arrest warrant issued by this Court, and plaintiff asked a magistrate judge in California to order that defendant be detained pending trial. The magistrate judge denied plaintiff's request and ordered that defendant be released subject to certain conditions. Plaintiff argues that there is a presumption in favor of detention due to the nature and severity of the charges against defendant, and plaintiff asks the Court to revoke the release order and detain defendant pending trial. Dkt. # 71. Defendant responds that he has met his burden to come forward with evidence rebutting the presumption of detention, and he argues that there are conditions or a combination of conditions that will assure his appearance at court hearings and the safety of the community. Dkt. # 86. At the request of plaintiff, the California magistrate judge agreed to stay the release order to allow the United States Attorney's Office in the Northern District of Oklahoma to review the release order and file an appeal of the release order in this Court.

On March 10, 2022, a grand jury in the Northern District of Oklahoma returned an indictment charging 12 defendants, including Hernandez, with drug conspiracy (count one), and this charge carries a mandatory minimum sentence of 10 years imprisonment and a possible maximum sentence of life imprisonment. Hernandez is also charged with manufacturing, distributing, and possessing methamphetamine with intent to distribute (count two) and maintaining a drug-involved premises (count four). An arrest warrant for Hernandez was issued by the court clerk in the Northern District of Oklahoma. Dkt. # 27. Defendant was arrested in the Central District of California, and he made his initial appearance before Magistrate Judge Rozella Oliver. Defendant was represented by counsel at the hearing. Plaintiff moved to detain defendant pending trial, and argued that there was a presumption in favor of pretrial detention under 18 U.S.C. § 3142(e). In support of the request for detention, plaintiff proffered the indictment and the pretrial services report, but plaintiff objected to the recommendation for release contained in the pretrial services report.[1] The pretrial services report states that defendant is 28 years old and he is employed as a chef at a restaurant in Pismo, California. Defendant is a United States citizen and has resided in California for his entire life, but he has taken two trips to Mexico for a vacation. Defendant's family also lives in California and he has regular contact with his family. Defendant has lived at his current address for four months with roommates, and there are no firearms at the residence. Defendant earns approximately $2,800 per month and has $300 in a checking account. Defendant's mother was substantially able to verify the information defendant provided about his background and circumstances, and she agreed to sign an appearance bond for an amount equal to her annual salary of $27,600. The probation officer recommended that

---

[1] A written transcript of the detention hearing is not available, but the Court has listened to an audiorecording of the detention hearing.

defendant be released pending trial subject to certain conditions, but the probation officer did not recommend location monitoring as a condition of pretrial release.

Plaintiff's counsel argued that defendant is a member of an organization that distributes a large amount of methamphetamine in Oklahoma, Texas, Kansas, Georgia, and Tennessee. Defendant is allegedly responsible for "cooking" methamphetamine and for operating the premises where the methamphetamine was manufactured. As to flight risk, plaintiff's counsel argued that defendant was a flight risk due to the significant sentence he faces if convicted, and plaintiff's counsel asked for an additional condition of location monitoring if the magistrate judge was inclined to release the defendant pending trial. Defense counsel opposed a stay of the release order, and he advised the magistrate judge that defendant was aware of the arrest warrant before it was executed. Defendant contacted the federal public defender in the Central District of California before he was arrested, and he made no attempt to flee the jurisdiction and he was arrested before he was able to self-surrender.

The magistrate judge ordered that defendant be released subject to conditions on a $20,000 appearance bond, but the magistrate judge did not require location monitoring. Dkt. # 71-1, at 6-9. Defendant was required to surrender his passport and his travel was restricted to the Central District of California and Northern District of Oklahoma. Id. at 6. The magistrate judge stayed the release order for 48 hours to allow plaintiff to determine whether it would appeal the order. On April 12, 2022, defendant made his initial appearance in this Court by video, and the magistrate judge in this district appointed a local attorney, John Campbell, to represent defendant in proceedings in this Court.

Plaintiff has appealed the California magistrate judge's release order, and plaintiff asks the Court to order that defendant be detained pending trial. Under § 3145(a)(1), "[i]f a person is ordered released by a magistrate judge . . . the attorney for the government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release[.]" 18 U.S.C. § 3145(a)(1). The Tenth Circuit requires this Court to conduct de novo review of a magistrate judge's release order. United States v. Cisneros, 328 F.3d 610, 616 n.1 (10th Cir. 2003). Pursuant to 18 U.S.C. § 3142, "a defendant may be detained pending trial only if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." Id. at 616. "A judicial officer may make such a finding only after holding a hearing . . . and the government bears the burden of proof at the hearing;" that is, "the government must prove risk of flight by a preponderance of the evidence, . . . and it must prove dangerousness to any other person or to the community by clear and convincing evidence." Id.

Under 18 U.S.C. § 3142(f), the Court must consider whether there are conditions or a combination of conditions that will assure the appearance of the defendant and protect the safety of any other person or the community. The Court must take into account the following factors when making this determination:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristic of the person, including--

>(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>(B) whether, at the time of the current offense, or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). Further, the statute contains a rebuttable presumption that arises in a case, such as here, where "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act[.]" 18 U.S.C. § 3142(e)(3)(A). According to the Tenth Circuit,

>Upon a finding of probable cause that the defendant has committed a federal drug offense carrying a maximum prison term of ten years or more, a rebuttable presumption arises that no conditions of release will assure defendant's appearance and the safety of the community. Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.

United States v. Stricklin, 932 F.2d 1353, 1354-55 (10th Cir. 1991). Thus, while defendant must produce some evidence as to flight risk and danger to the community, plaintiff bears the burden of proof at all times.

**Nature and Circumstances of the Offense**

Defendant is charged with participating in a conspiracy to manufacture, distribute, and possess with intent to distribute at least 500 grams of methamphetamine (count one) and manufacturing, distributing, and possessing methamphetamine with intent to distribute (count two),

5

and the maximum sentence for these charges is life imprisonment. Defendant is also charged with maintaining a drug-involved premises (count four), and the maximum sentence for this charge is 20 years imprisonment. The indictment does not specifically describe defendant's role in the charged offenses, but plaintiff has proffered additional facts about the drug trafficking organization and defendant's role in the organization. In September 2020, the Tulsa Police Department (TPD) and the Drug Enforcement Agency (DEA) began investigating the drug trafficking organization and executed a search warrant at one of the organization's conversion labs. The search warrant resulted in the arrest of two persons and the seizure of large quantities of liquid and crystal methamphetamine. Dkt. # 71, at 3. The investigation continued and law enforcement officials identified other locations of interest. In March 2021, TPD and DEA agents executed search warrants at eight locations and a suspected drug conversion lab near Oklahoma City, and the execution of the search warrants resulted in the seizure of methamphetamine and firearms. During the execution of one search warrant, shots were fired at a police officer and the shot hit an officer's shield, but plaintiff does not allege that defendant fired the shot or has ever been in possession of a firearm. Id. In January 2022, law enforcement officials identified defendant as a methamphetamine cook and facilitator for the drug trafficking organization, and they observed him buying materials used at the conversion labs. Id. at 3-4. Further investigation revealed that defendant lived in Santa Maria, California, and defendant had flown to Oklahoma to oversee the operation of a conversion lab in Tulsa. In February 2022, the DEA executed a search warrant at the conversion lab allegedly operated by defendant, and the DEA found the materials previously purchased by defendant and a substantial amount of methamphetamine.

**Weight of the Evidence**

As to the weight of the evidence, the Court merely has plaintiff's representations concerning the investigation into the drug trafficking organization, and there was limited argument offered at the detention hearing concerning the weight of the evidence against defendant. Plaintiff did not offer the testimony of any law enforcement officer or case agent at the detention hearing, and the Court declines to make a finding that the weight of the evidence favors or disfavors pretrial detention.

**History and Characteristics of the Defendant**

Defendant argues that the evidence shows that he is "outside the realm of a typical defendant in a drug conspiracy case" due to his limited criminal history and strong ties to his community. Dkt. # 86, at 3. The pretrial services report states that defendant has resided in California for his entire life, and he regularly maintains contact with his family members in California. Defendant has a passport and has made two previous trips to Mexico, but he is unsure of the location of his passport and if the passport is still valid. Dkt. # 71-1, at 2. Defendant is employed as a chef and has a stable income, and he has lived at his current address for four months with roommates. Id. at 2-3. Defendant has minimal criminal history which consists primarily of traffic offenses and he has no prior convictions or charges for drug or firearm offenses. There are no outstanding arrest warrants for defendant other than the charges against him in this case. Defendant's mother agreed to sign an appearance bond for an amount representing her entire annual salary if defendant was released pending trial. Id. at 3. At the detention hearing, defense counsel advised the magistrate judge that defendant was aware of the arrest warrant and was making plans to self-surrender before the warrant was executed. Dkt. # 86, at 5. Plaintiff notes that the probation officer did not inspect defendant's

home, defendant's employment could be only partially verified, and defendant has no ties to the Northern District of Oklahoma. Dkt. # 71, at 4.

**Danger to Any Other Person or the Community**

Plaintiff argues that defendant is/was a member of a drug trafficking organization that manufactured and distributed thousands of kilograms of methamphetamine, and he has no ties this judicial district except for his alleged participation in manufacturing methamphetamine for a drug trafficking organization. Plaintiff states that one member of the drug trafficking organization shot at a law enforcement officer during the execution of a search warrant, but plaintiff does not allege that defendant has used or possessed a firearm. Dkt. # 71, at 3. Defendant has no prior criminal charges or convictions for crimes of violence or drug offenses, and there is no evidence that he personally engaged in any acts of violence towards a law enforcement officer.

**Conclusion**

The Court has considered all of the § 3142(g) factors and the statutory presumption of detention, and finds that the magistrate judge's order to release defendant pending trial should be affirmed. There is a presumption in favor of detention because defendant is charged with controlled substance offenses, but defendant has come forward with evidence rebutting the presumption of detention. In particular, defendant has strong ties to the Central District of California in terms of employment and familial relationships, and he has resided in California his entire life. Defendant has minimal criminal history and has no previous convictions or charges for drug or firearm offenses. Plaintiff alleges that the drug trafficking organization in which defendant allegedly participates has manufactured and distributed large quantities of methamphetamine and, in at least one instance, has fired a firearm at a law enforcement officer. However, plaintiff does not allege that defendant bore

any direct responsibility for the shooting incident, and there is no evidence before the Court that defendant has ever been in possession of a firearm. Plaintiff states that defendant will have "time and geography on his side" if he attempts to flee to Mexico, but there is no evidence that defendant has significant ties to Mexico, and defendant's mother has agreed to sign a substantial appearance bond to ensure defendant's appearance at court proceedings. Defendant has come forward with evidence rebutting the statutory presumption in favor of detention, and the Court finds that the combination of conditions stated in the magistrate judge's release order (Dkt. # 71-1, at 6-9) are adequate to ensure that defendant will not present a flight risk or a danger to the community.

**IT IS THEREFORE ORDERED** that Plaintiff's Appeal of Bail Determination and Motion to Revoke Release Order (Dkt. # 71) is **denied**.

**IT IS FURTHER ORDERED** that defendant is to be released subject to the conditions stated in the magistrate judge's order (Dkt. # 71-1, at 6-9).

**DATED** this 20th day of April, 2022.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE